IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ASHLEIGH FARIAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1062-DII |
| AUSTIN FITNESS GROUP, LLC, | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Ashleigh Farias's ("Farias") Notice of Voluntary Dismissal Without Prejudice. (Dkt. 12). However, Defendant Austin Fitness Group, LLC, ("Austin Fitness Group") has filed an answer, (Dkt. 5), and did not sign the stipulation. Thus, the Court construed Farias's notice as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 13). Austin Fitness Group filed a notice of non-opposition to dismissal. (Dkt. 14).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Because Austin Fitness Group does not oppose dismissal, the Court will grant Farias's motion to dismiss and close this case.

1

2

As nothing remains to resolve, **IT IS ORDERED** that the case is **CLOSED**.

**SIGNED** on November 21, 2024.

                                                                              _____
                                                                              ROBERT PITMAN
                                                                              UNITED STATES DISTRICT JUDGE